IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE FUTCH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. CV410-192 |
| | ) | |
| CHATHAM COUNTY DETENTION CENTER; DEPARTMENT OF CORRECTIONS OF THE STATE OF GEORGIA, d/b/a Chatham County Detention Center; STATE OF GEORGIA; PRISON HEALTH SERVICES; and CHATHAM COUNTY, GEORGIA; | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Defendants Chatham County Detention Center, Chatham County, Georgia, and Prison Health Services, Inc.'s (hereinafter "Defendants") Amended Motion for Summary Judgment. (Doc. 41.) Defendants request summary judgment on and dismissal of Plaintiff's 42 U.S.C. § 1983 and medical malpractice claims. For the reasons outlined below, Defendants' motion is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

On June 16, 2008—prior to his incarceration—Plaintiff underwent back surgery performed by Dr. Raphael Roybal. (Doc. 1, Ex. A ¶ 11.) At Plaintiff's initial follow-up

visit on June 26, 2008, Dr. Roybal planned to have a second follow-up visit in four weeks to start Plaintiff on regular, physical activities. (Doc. 42, Ex. 1 at 3.) At that time, Dr. Roybal recommended only that Plaintiff rest (Doc. 43 ¶ 8); he did not recommend any follow-up treatment or therapy (Doc. 42, Ex. 1 at 3). From July 16, 2008 to January 5, 2009, Plaintiff was an inmate at Defendant Chatham County Detention Center.[1] (Doc. 1, Ex. A ¶ 10.) During Plaintiff's incarceration, "there were no orders for any type of rehabilitative services from any of Plaintiff's medical providers." (Doc. 43 ¶ 7.)

Plaintiff initially brought this action on July 14, 2010 in the Superior Court of Chatham County. (Doc. 1, Ex. A.) The case was removed on August 8, 2010. (Doc. 1.) Plaintiff contends that while incarcerated, Defendants failed to honor his physicians' prescriptions for a cane, a double-sided mattress, and a lower bunk. (Doc. 1, Ex. A ¶¶ 16, 17.) Plaintiff alleges that, as a result, he had to undergo a second, post-confinement surgery. (Id. at ¶ 27.) In material facts that were undisputed by Plaintiff, however, the Chatham County Detention Center provided

---

[1] Defendant Prison Health Services is a private company that provides health services to inmates at Chatham County Detention Center. (Doc. 43 ¶ 2.)

2

Plaintiff with a cane, extra mattress, and lower bunk. (Doc. 43 ¶ 9.)

On May 12, 2011, the remaining Defendants—with the exception of Chatham County, Georgia—filed a Motion for Summary Judgment.[2] (Doc. 32.) Defendants also filed a Motion to Strike Plaintiff's untimely expert witness disclosure. (Doc. 39.) On February 8, 2012, this Court dismissed the initial motion for summary judgment (Doc. 45) and later dismissed as moot the motion to strike Plaintiff's expert (Doc. 46). Defendants filed an Amended Motion for Summary Judgment (Doc. 41), including a brief in support of the motion and a statement of material facts. Plaintiff failed to file any response to the amended motion for summary judgment or statement of material facts.[3]

---

[2] The original summary judgment motion inadvertently failed to request summary judgment on behalf of Chatham County, Georgia. The Amended Motion for Summary Judgment (Doc. 41) includes Chatham County, Georgia.

[3] In the Court's opinion, Plaintiff's counsel has abdicated its responsibility to provide diligent representation. Plaintiff's initial response to the original motion for summary judgment claimed that counsel could not fully cite to the specific page numbers of Plaintiff's own deposition because counsel could not locate a copy. (Doc. 36 at 2 n.1.) Plaintiff's counsel also failed to respond to Defendants' original statement of material facts. Even more, after a <u>second</u> opportunity to file a response brief with proper citations to the record and a <u>second</u> opportunity to respond to Plaintiff's disputed statement of material facts, Plaintiff's counsel did nothing.

3

## ANALYSIS

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

5

Local Rule 56.1 requires a party moving for summary judgment to file a "separate, short, and concise statement of the material facts as to which it is contended there exists no genuine issue to be tried." S.D. Ga. L.R. 56.1. Further, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." Id. "Where the party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to [Local Rules], such fact is deemed admitted by the respondent." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009). Accordingly, the district court should "disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).

Plaintiff filed neither any response to Defendants' statement of undisputed facts nor a brief in opposition to the motion for summary judgment. As such, Defendants' statement of material facts is deemed as admitted for the

6

purposes of this motion. See Williams v. Slack, 438 F. App'x 848, 850 (11th Cir. 2011); BMU, Inc. v. Cumulus Media, Inc., 366 F. App'x 47, 47 (11th Cir. 2010) (holding that a plaintiff's failure to submit response to defendant's statement of undisputed facts on motion for summary judgment constituted admission of those facts). However, in such a circumstance, this Court is still required to determine if there is a genuine issue of material fact. Reese, 527 F.3d at 1269; see also United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004).

A. Plaintiff's § 1983 Claim

The Supreme Court has placed strict limitations on municipal liability under § 1983. A county's liability under § 1983 may not be based on the doctrine of respondeat superior. Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Additionally, a county is liable only when the county's " 'official policy' " causes a constitutional violation. Id. (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)). Monell provides that "it is when execution of a [county's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicts the [constitutional] injury that the [county] as an entity is responsible under § 1983." 436 U.S. at 694.

Further, to survive summary judgment a § 1983 plaintiff must present evidence of a specific, unconstitutional, organizational "policy or custom" with evidence that this "policy or custom" caused injury. Grech, 335 F.3d at 1329. To plead a § 1983 claim, a plaintiff is "obliged to identify a policy or custom that caused their injury." Board of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) (internal quotations omitted). To establish such a policy, a plaintiff must identify either an "officially promulgated county policy" or "an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Grech, 335 F.3d at 1329 (citation omitted).

Nowhere in Plaintiff's pleadings is there even a modicum of evidence that shows any "policy or custom" by Defendants that was consciously indifferent to Plaintiff's medical needs. The evidence before the Court reveals that Defendants could not—and did not—breach any duty of care to Plaintiff. The allegations contain no genuine issue as to proximate cause and Plaintiff has provided no evidence suggesting that Plaintiff ever validly raised concerns

during his incarceration about the conditions of his medical treatment. Plaintiff has failed to identify any evidence of a specific written, or even unwritten, policy or custom of any of Defendants that caused injury to Plaintiff. Indeed, regardless of whether prescribed or not, it is undisputed that while at the Chatham County Detention Center, Plaintiff was provided a cane, extra mattress, and lower bunk. (Doc. 43 ¶ 9.)

Moreover, Defendants have come forward with specific undisputed facts that they received no order from Plaintiff's doctors prescribing a specific course of treatment, and that they provided an acceptable standard of care. For example, Defendants provided a report from a prison medical care expert. (Doc. 42, Ex. 1.) The report stated that Defendants' policies and customs are "squarely within the acceptable standards for correctional health care providers." (Doc. 42, Ex. 1 at 3.) Because Plaintiff has failed to identify any policy or custom that caused his alleged injury, the cause of action must be dismissed as a matter of law. Grech, 335 F.3d 1326, 1329 (11th Cir. 2003). Plaintiff has failed to meet his burden of establishing the existence of a genuine issue of material fact that Defendants had a "policy or custom" that was deliberately indifferent to the medical needs of Plaintiff.

9

B.  Medical Malpractice Claim

The judicial test for determining whether an action is one for medical malpractice is whether the acts or omissions at issue involved medical knowledge and judgment outside the knowledge of the ordinary layman. Atlanta Women's Health Grp. v. Clemons, 287 Ga. App. 426, 427, 621 S.E.2d 762, 764 (2004). Under Georgia law, to recover damages for alleged medical malpractice claims, a plaintiff must prove the applicable standard of care, a deviation from that standard, cause-in-fact, proximate causation, and injury. Zwiren v. Thompson, 276 Ga. 498, 499, 578 S.E.2d 862, 864 (2003). There is a rebuttable presumption that physicians, nurses, and other medical professionals exercise due care and skill in their treatment of patients based on their education, training, and experience, but the person claiming an injury may overcome this presumption by introducing expert testimony to the contrary. See Beach v. Lipham, 276 Ga. 302, 305-06, 578 S.E.2d 402, 406 (2003).

The degree of care and skill required of the physician is that which, "under similar conditions and like surrounding circumstances is ordinarily employed by the profession generally." McLendon v. Daniel, 37 Ga. App. 524, 524, 141 S.E. 77, 78 (1927) (citation omitted). A defendant's breach of this standard of care in a medical

10

malpractice action must be the proximate cause of the injury sustained. Grantham v. Amin, 221 Ga. App. 458, 471, S.E.2d 525, 527 (1996) (citations omitted). To the extent that such a breach was the proximate cause and cause-in-fact, a "bare possibility" that the injury resulted from the negligence is not sufficient. Maddox v. Houston Cnty. Hosp. Auth., 158 Ga. App. 283, 284, 279 S.E.2d 732, 734 (1981) (citation omitted). Recovery is precluded absent a showing to a reasonable degree of medical probability that the patient's injury or death could have been avoided. Zwiren, 276 Ga. at 499, 578 S.E.2d at 864.

Further, res ipsa loquitur does not apply in medical malpractice cases and an unintended result does not raise an inference of negligence. See Oakes v. Magat, 263 Ga. App. 165, 167, 587 S.E.2d 150, 152 (2003) (citations omitted); Hayes v. Brown, 108 Ga. App. 360, 366, 133 S.E.2d 102, 107 (1963) (res ipsa loquitur inapplicable in medical malpractice action); Wimpy v. Rogers, 58 Ga. App. 67, 69 197 S.E.2d 656, 657 (1938) (same). A plaintiff must point to facts in the record that prove the defendant actually caused the injury, as opposed to a preexisting injury or a surgical complication in the absence of negligence. Berrell v. Hamilton, 260 Ga. App. 892, 895-96, 581 S.E.2d 401, 401 (2003).

At present, Plaintiff has not stated a claim for medical negligence upon which relief can be granted. Plaintiff's complaint merely states that Defendants' actions or inactions "failed to provide Plaintiff with appropriate medical care" and that such acts "constitute medical malpractice for which Plaintiff is entitled to recover." (Doc. 1, Ex. A ¶¶ 17, 18.) Plaintiff also alleges that "[a]s a result of the injuries Plaintiff incurred in the Detention Center, Plaintiff was forced to undergo revision surgery." (Id. ¶ 27.) Based on the undisputed facts in this case, Plaintiff has failed to establish that his alleged injuries were caused by any negligent acts or omissions by Defendants. Any complications Plaintiff experienced were a "common occurrence even in the best of circumstances after fixation and grafting" (Doc. 42, Ex. 2 at 3) and the revision surgery would have been required regardless of whether Plaintiff was incarcerated (Doc. 42, Ex. 1 at 6). Plaintiff has failed to demonstrate that there exist any genuine issues of material fact as to Defendants' purported medical malpractice. Plaintiff's conclusory allegations are wholly inadequate and, as such, warrant summary judgment. Accordingly, his medical malpractice claim must fail.

## CONCLUSION

Plaintiff's conclusory allegations fail to establish a genuine issue of material fact. For the foregoing reasons, Defendants' Amended Motion for Summary judgment is **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 2nd day of May 2012.

*/s/ William T. Moore, Jr.*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA